IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD VINCENT LETIZIA, SPN #02880904, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0930 |
| HARRIS COUNTY SHERIFF RON HICKMAN, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Richard Vincent Letizia, also known as Richard Vincent (SPN #02880904), is currently in custody at the Harris County Jail. Letizia has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging constitutional violations in connection with an extradition proceeding. Letizia has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2). Because Letizia is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Letizia alleges that he was illegally arrested while on private property by officers on a "fugitive squad" and booked into the Harris County Jail on July 6, 2016, in connection with an offense he committed in Florida.[1] Letizia contends further that he has been detained pending extradition without due process.[2] Alleging violations of the Fourth Amendment and the Due Process Clause, he sues former Harris County Sheriff Ron Hickman, Harris County District Attorney Kim Ogg, Texas Governor Greg Abbott, and Florida Governor Rick Scott.[3] He asks this court to dismiss the fugitive charges against him and award a total of $4.2 million in damages from each defendant for the violation of his constitutional rights.[4]

## II. Discussion

Public records show that the judge presiding over Harris County Criminal Court at Law No. 10 issued an order remanding Letizia for extradition to Florida on September 20, 2016.[5] Letizia has challenged that order on appeal, which remains

---

[1]Complaint, Docket Entry No. 1, p. 12.

[2]Id. at 15-16.

[3]Id. at 2-3, 12-18.

[4]Id. at 18-20.

[5]See State of Texas v. Richard Letizia, Cause No. 2100551 (Harris Cnty. Crim. Ct. at Law No. 10, Sept. 20, 2016), available through the Office of the Harris County District Clerk, http://www.hcditrict.clerk.com (last visited April 12, 2018).

pending in state court.[6] See Ex parte Richard Vincent Letizia, Appeal No. 01-16-00808-CR (Tex. App. — Houston [1st Dist.]).

All of the defendants listed in the Complaint are supervisory officials. To the extent that Letizia contends that his initial arrest on July 6, 2016, was false and violated the Fourth Amendment, he does not allege facts showing that any of the defendants were personally involved in that incident or that his arrest was the result of a constitutionally deficient policy.[7] Absent personal involvement or the existence of a constitutionally deficient policy enforced by any of these supervisory officials, Letizia fails to state a claim for false arrest against them.[8] See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

---

[6]Complaint, Docket Entry No. 1, pp. 4 and 8 (citing Appeal No. 01-16-00808-CR).

[7]According to Letizia, the Governor of Florida requested his extradition, which was approved by the Governor of Texas, following Letizia's arrest by the fugitive squad. See Complaint, Docket Entry No. 1, p. 14. Under these circumstances, the Uniform Criminal Extradition Act authorizes the arrest and extradition of anyone in Texas who is wanted in connection with a criminal offense in another state. See Tex. Code Crim. Proc. Art. 51.13, §§ 7-9 (detailing the governor's duty to issue a warrant of arrest which "shall authorize" a peace officer or other person to arrest the accused "at any time and any place where he may be found within the State").

[8]Letizia appears to concede that he was arrested by fugitive squad officers on July 6, 2016, because he had "outstanding warrants" from Florida. See Complaint, Docket Entry No. 1, p. 12. Under these circumstances, he does not show that his arrest lacked probable cause. See, e.g., United States v. McDonald, 606 F.2d 552, 553-54 (5th Cir. 1979) (per curiam) (holding that officer had probable cause to arrest the defendant if he reasonably believed that he was the subject of an outstanding warrant).

Letizia also fails to state a due process claim concerning his confinement while awaiting extradition. It is well established that a prisoner cannot recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Because Letizia's due process allegations take issue with the validity of the state court's extradition order, which has not been invalidated or set aside, his claims for monetary damages are barred by the rule in Heck. See Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (holding that § 1983 challenges to extradition procedures are barred by Heck). Accordingly, those claims must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

To the extent that Letizia asks this court to intervene in an ongoing state criminal proceeding that involves a request to extradite him to Florida, his civil rights claim for injunctive relief also fails. Under the well-established doctrine set out in

-4-

Younger v. Harris, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. See Gates v. Strain, 885 F.3d 874, 880 (5th Cir. 2018). Because Letizia is challenging the extradition proceeding on appeal in state court, he does not show that he lacks an adequate opportunity to raise his constitutional challenges in that forum or that extraordinary circumstances otherwise warrant federal intervention. Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of Richard Vincent Letizia (SPN #02880904), in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3. Letizia's Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a**

copy of this Memorandum Opinion and Order by regular mail or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas 77002, phone: 713-755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 13th day of April, 2018.

```
                          SIM LAKE
                 UNITED STATES DISTRICT JUDGE
```